UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CASE NO.: 3:22cv746

GAREY C. GOMEZ,

    Plaintiff,

v.

MIDLO FLOORS LLC D/B/A MIDLO FLOORS & BEYOND AND CITYLOCAL101, LLC,

    Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff GAREY C. GOMEZ ("Gomez") by and through his undersigned counsel, brings this Complaint against MIDLO FLOORS LLC D/B/A MIDLO FLOORS & BEYOND AND CITYLOCAL101, LLC (collectively "Defendants") for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff GAREY C. GOMEZ brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Gomez's original copyrighted Work of authorship.

2.    Gomez is a professional photographer from Atlanta, Georgia who works with architects, interior designers, construction firms and homebuilders to create beautiful portfolio imagery to showcase their work. He is a speaker and educator in the world of architectural photography, and was the 2019 PFRE Photographer of the Year. Gomez's photographs have been featured in ArchDaily, Architizer, Curbed, Dezeen, Dwell, Fine Homebuilding and The

Architect's Newspaper. His specialties are aerial, architecture, commercial, construction, education architectural, healthcare architectural, interiors, real estate, residential and twilight photography.

3. Defendant MIDLO FLOORS LLC D/B/A MIDLO FLOORS & BEYOND ("Midlo") is a locally owned and operated boutique showroom offering complete interior design solutions.

4. Defendant CityLocal101, LLC ("CityLocal") is a local business directory that is efficiently offering its services for the benefit of both business owners and local searchers. At all times relevant herein, CityLocal owned and operated the internet website located at the publicly available URL https://www.citylocal101.com (the "Website").

5. CityLocal had an "online profile" for Midlo which contained the unauthorized use of Gome'z work. Exhibit 1.

6. Gomez alleges that Defendants copied Gomez's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Virginia.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in

infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11. Midlo Floors LLC D/B/A Midlo Floors & Beyond is a Virginia Limited Liability Company, with its principal place of business at 9940 Midlothian Turnpike, Richmond, VA 23234, and can be served by serving its Registered Agent, Raed Mahmoud Hamad, 9940 Midlothian Turnpike, Richmond, VA 23234.

12. CityLocal101, LLC is a Virginia Limited Liability Company, with its principal place of business at 9325 Brandon Street, Manassas Park, VA 20111, and can be served by serving its Registered Agent, Daniel Asif Ahmed, 9325 Brandon Street, Manassas Park, VA 20111.

## THE COPYRIGHTED WORK AT ISSUE

13. In 2020, Gomez created the photograph entitled "20200625.CopperSky599Linwood-101-2", which is shown below and referred to herein as the "Work".



3

14. Gomez registered the Work with the Register of Copyrights on July 1, 2020 and was assigned the registration number VA 2-210-956. The Certificate of Registration is attached hereto as Exhibit 2.

15. Gomez's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

16. At all relevant times Gomez was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied and displayed the Work on the internet to promote Midlo's sale of goods and services as part of their flooring and interior design business without Gomez's permission or authorization.

19. On or about December 10, 2021, Gomez discovered the unauthorized use of his Work on the Website. The Work was used on the CityLocal Website on a page advertising Midlo's business. Exhibit 1.

20. Defendants copied and distributed Gomez's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

21. Gomez's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

22. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

23. Gomez never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

24. Gomez notified Midlo of the allegations set forth herein on January 12, 2022 and January 31, 2022. Gomez notified CityLocal of the allegations set forth herein on March 17, 2022. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT INFRINGEMENT AGAINST MIDLO FLOORS LLC AND CITYLOCAL101

25. Gomez incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Gomez owns a valid copyright in the Work at issue in this case.

27. Gomez registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Gomez's authorization in violation of 17 U.S.C. § 501.

29. Gomez seeks and award of damages under 17 U.S.C. §§ 504(c) and 505.

30. Defendants performed the acts alleged in the course and scope of its business activities.

31. Defendants' acts were willful.

32. Gomez has been damaged.

33. The harm caused to Gomez has been irreparable.

34. Upon information and belief, CITYLOCAL created MIDLO's profile on its own accord.

35. Upon information and belief CITYLOCAL used the Work without plaintiff's permission or authorization.

36. Upon information and belief, CITYLOCAL controls the listings on its platform.

37. Upon information and belief CITYLOCAL copied the Work

38. Upon information and belief CITYLOCAL displayed the work.

39. Upon information and belief CITYLOCAL distributed and made the Work available on the World Wide Web.

## COUNT II
### INDIRECT INFRINGEMENT AGAINST MIDLO FLOORS LLC AND CITYLOCAL101

40. Gomez incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

41. Upon information and belief, MIDLO requested CityLocal to host a profile on its website for the benefit of MIDLO and to help advertise MIDLO's services.

42. Upon information and belief, MIDLO had the ability to request CITYLOCAL to remove, edit, or alter the posting.

43. Defendant MIDLO is indirectly liable for the infringement on CITYLOCAL website because MIDLO had control, supervision, and authority to request the infringing Work be removed from CITYLOCAL's website.

44. MIDLO is vicariously liable for allowing and providing the Work to be used without authority by CITYLOCAL.

45. MIDLO benefited from the Work being posted on CITYLOCAL's website.

46. MIDLO derived a financial benefit from the Work being displayed and distributed on CITYLOCAL's website.

47. Upon information and belief MIDLO provided the Work to CITYLOCAL.

48. Upon information and belief CITYLOCAL copied and uploaded the work onto its website.

49. Upon information and belief CITYLOCAL made the Work available for further distribution on the World Wide Web.

50. CITYLOCAL benefited from the Work being posted on its website.

51. CITYLOCAL derived a financial benefit from the Work being displayed and distributed on its website.

WHEREFORE, the Plaintiff Garey C. Gomez prays for judgment against the Defendants Midlo Floors LLC D/B/A Midlo Floors & Beyond and CityLocal101, LLC that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

    c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Plaintiff be awarded pre- and post-judgment interest; and

    e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: November 1, 2022                    Respectfully submitted,

**SCHLEIFMAN LAW, PLC**

By:/s/ *Paul S. Schleifman*
PAUL S. SCHLEIFMAN (VA Bar No. 23353)
2300 Wilson Boulevard
Suite 700
Arlington, VA 22201
703.528.1021 – Telephone
pschleifman@schleifmanlaw.com

*Counsel for Plaintiff Garey C. Gomez*