UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CASE NO.: 3:22-cv-746

GAREY GOMEZ,

    Plaintiff,

v.

MIDLO FLOORS LLC DBA MIDLO
FLOORS & BEYOND AND
CITYLOCAL101, LLC,

    Defendants.

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS MIDLO FLOORS LLC DBA MIDLO FLOORS & BEYOND AND CITYLOCAL101, LLC
MEMORANDUM OF LAW**

*/s/Paul S. Schleifman*
PAUL S. SCHLEIFMAN
VA Bar No. 23353

SCHLEIFMAN LAW, PLC
2300 Wilson Boulevard
Suite 700
Arlington, VA 22201
Telephone: (703) 528-1021
Email: pschleifman@schleifmanlaw.com

*Counsel for Plaintiff Garey Gomez*

i

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................................... 1

    a. Plaintiff's Rights ............................................................................................................ 1

    b. Infringement by Defendants ........................................................................................ 2

    c. Procedural History ....................................................................................................... 3

III. LEGAL STANDARD FOR DEFAULT JUDGMENT ......................................................... 3

IV. ARGUMENT ......................................................................................................................... 5

    a. Plaintiff Has Established Defendants' Liability for Copyright Infringement................. 5

       *1. Gomez Owns a Valid Copyright for the Work* ...................................................... 6

       *2. Defendants Copied the Work* ................................................................................. 6

    b. Plaintiff Has Established that Defendants' Infringement Was Willful.......................... 7

    c. Detailed Affidavits Establish the Amount of Damages and Other Relief Requested..... 8

       *1. Actual Damages Are Appropriate but Insufficient for Willful Copyright Infringement*. 8

       *2. Statutory Damages Are Appropriate for Willful Copyright Infringement* ..................... 10

       *3. Full Costs And Reasonable Attorney's Fees Are Appropriate* ........................................ 12

       *4. Entry of A Permanent Injunction Is Appropriate* ........................................................... 13

V. CONCLUSION.................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Arista Records, Inc. v. Beker Enters.*,
  298 F. Supp. 2d 1310 (S.D. Fla. 2003) ............................................................................... 7, 13

*Banilla Games, Inc. v. Hines*,
  No. 2:22cv212, 2022 U.S. Dist. LEXIS 211019 (E.D. Va. Oct. 31, 2022) ............................. 7

*Barnstormers, Inc. v. Wing Walkers, LLC*,
  2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) (W.D. Tex. May 3, 2011) ..... 11

*Bruce v. Weekly World News*,
  310 F.3d 25 (1st Cir. 2002) ................................................................................................ 9, 11

*Dash v. Mayweather*,
  731 F.3d 303 (4th Cir. 2013) .................................................................................................. 8

*DIRECTV, Inc. v. Rawlins*,
  523 F.3d 318 (4th Cir. 2008) .................................................................................................. 4

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ............................................................................................................ 5, 6

*Hofmann v. O'Brien*,
  367 F. App'x 439 (4th Cir. 2010) ........................................................................................... 8

*Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*,
  43 F. Supp. 3d 644 (E.D. Va. 2014) ....................................................................................... 6

*J & J Sports Prods. v. After Six Prods.*,
  No. 3:13-CV-591, 2014 U.S. Dist. LEXIS 21435 (E.D. Va. Feb. 19, 2014) ...................... 4, 5

*JTH Tax, Inc. v. Smith*,
  No. 2:06cv76, 2006 U.S. Dist. LEXIS 42584 (E.D. Va. June 23, 2006) ............................... 5

*Leonard v. Stemtech Int'l, Inc.*,
  834 F.3d 376 (3d Cir. 2016) ................................................................................................... 9

*Partington v. Am. Int'l Specialty Lines Ins. Co.*,
  443 F.3d 334 (4th Cir. 2006) .................................................................................................. 4

*Polar Bear Prods.*, Inc. *v. Timex Corp.*,
  384 F.3d 700 (9th Cir. 2004) .............................................................................................. 8, 9

*Ryan v. Homecomings Fin. Network*,
  253 F.3d 778 (4th Cir. 2001) .................................................................................................. 4

*Sara Lee Corp. v. Bags of N. Y., Inc.*,
  36 F. Supp. 2d 161 (S.D.N.Y. 1999) .................................................................................... 10

*Sony Music Entm't v. Cox Communs.*,
    464 F. Supp. 3d 795 (E.D. Va. 2020) ................................................................................... 11

*Techs., S.A. v. Cyrano, Inc.*,
    460 F. Supp. 2d 197 (D. Mass. 2006) ..................................................................................... 7

Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) ...................................... 11

*Tiffany*,
    282 F. Supp. 2d ....................................................................................................................... 7

*United States CFTC v. Smith*,
    No. 1:10CV00009, 2012 U.S. Dist. LEXIS 119125 (W.D. Va. Apr. 16, 2012) ...................... 4

*United States v. Whiting*,
    Civil Action No. 1:22-cv-571 LMB/IDD, 2023 U.S. Dist. LEXIS 37330 (E.D. Va. Jan. 13,
    2023) ....................................................................................................................................... 4

*Walker v. Forbes, Inc.*,
    28 F.3d 409 (4th Cir. 1994) ..................................................................................................... 8

*Wilson v. Nat'l Bikers Roundup Inc.*,
    2017 U.S. Dist. LEXIS 94719*10 ........................................................................... 7, 10, 11, 13

## Statutes

17 U.S.C. § 102 ............................................................................................................................... 6
17 U.S.C. § 411 ............................................................................................................................... 6
17 U.S.C. § 501 ............................................................................................................................... 5
17 U.S.C. § 502 ..................................................................................................................... 131, 13
17 U.S.C. § 504 .................................................................................... 1, 8, 9, 10, 11, 12, 14
17 U.S.C. § 505 ......................................................................................................................... 1, 12
17 U.S.C. § 1203 ........................................................................................................................... 12

## Rules

Fed. R. Civ. P. 55 ........................................................................................................................... 4
Fed. R. Civ. P. 55(b)(2) ................................................................................................................. 5

Pursuant to Rule 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff Garey Gomez ("Gomez"), by and through his undersigned counsel, respectfully moves the Court for an entry of default judgment in favor of Plaintiff and against Defendants MIDLO FLOORS LLC DBA MIDLO FLOORS & BEYOND AND CITYLOCAL101, LLC (collectively "Defendants"). Default has been entered against Defendants by the Clerk of Court for failure to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure on April 25, 2023. (ECF 14). Plaintiff requests that the Court award all relief requested herein against Defendants, and in support states as follows:

## I.   INTRODUCTION

Plaintiff initiated this action against Defendants for willful copyright infringement. Defendants are in default and the requirements for a default judgment have been met. Based upon the declarations of Garey Gomez ("Gomez Decl.") and Eliezer Lekht ("Lekht Decl."), Plaintiff seeks entry of default judgment for Plaintiff's claim of copyright infringement against Defendants, an award of damages pursuant to 17 U.S.C. § 504, an award of Plaintiffs costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, prejudgment interest, and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining Defendants from further infringement.

## II.   STATEMENT OF FACTS

### a. Plaintiff's Rights

Garey Gomez is a professional photographer from Atlanta, Georgia who works with architects, interior designers, construction firms and homebuilders to create beautiful portfolio imagery to showcase their work. (ECF 1 at ¶ 2). He is a speaker and educator in the world of photography, and was the 2019 PFRE Photographer of the Year. *id*. Gomez's photographs have been featured in ArchDaily, Architizer, Curbed, Dezeen, Dwell, Fine Homebuilding, and The Architecht's Newspaper. *id*. His specialties are aerial, architecture, commercial, construction,

education architectural, healthcare architectural, interiors, real estate, residential, and twilight photography. *Id.*

In 2020, Gomez created the photograph entitled "20200625.CopperSky599Linwood-101-2" (the "Work"). (ECF 1 at ¶ 13). Gomez registered the Work with the Register of Copyrights on July 1, 2020 and was assigned the registration number VA 2-210-956. (ECF 1 at ¶ 14; Ex. 2). At all relevant times herein, Gomez owns all rights, including copyrights, in the photographic image asserted in this action. (ECF 1 at ¶ 16).

### b. Infringement by Defendants [1]

Defendant MIDLO FLOORS LLC D/B/A/ MIDLO FLOORS & BEYOND is a flooring and interior design business located in Richmond, Virginia. (ECF 1 at ¶ 11, 18). Defendant CITYLOCAL101 is a website that advertises local businesses with its principal place of business in Manassas Park, Virginia. (ECF 1 at ¶ 12, 19).

On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied and displayed the Work without permission. (ECF 1 at ¶¶ 18-19; Ex. 1). Defendants have never been licensed to use the Work at issue in this action for any purpose. (ECF 1 at ¶ 17). After Defendants copied the Work, they made further copies and distributed the Work on their websites to advertise and promote Midlo's sale of goods and services. (ECF 1 at ¶¶ 18-20). Defendants copied and distributed Gomez's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting its business, and in the course and scope of advertising and selling services. (ECF 1 at ¶ 20).

On January 12, 2022, and January 31, 2022, Gomez, through counsel, notified Defendant Midlo in writing of Gomez's copyright in the Work, and demanded that it cease the infringing

---

[1] The following facts are as alleged by Plaintiff, admitted by default, and established by the evidence submitted with the Complaint.

use of the Work and pay a license fee for the unauthorized use of the Work. (Gomez Decl. ¶ 13). On March 17, 2022, Gomez, through counsel, notified Defendant CityLocal101 in writing of Gomez's copyright in the Work, and demanded that it cease the infringing use of the Work and pay a license fee for the unauthorized use of the Work. (Gomez Decl. ¶ 14). Despite Plaintiff's repeated demands, Defendants have not compensated Gomez for Defendants' infringing use of the copyrighted Work. (Gomez Decl. ¶ 15). As such, Defendants' refusal to pay for the commercial use of the Work evidences that Defendants' infringement was willful and intentional throughout, and Defendants always intended to profit from Plaintiff's Work without paying any fees for its use.

    **c.  Procedural History**

On November 1, 2022, Gomez filed his Complaint instituting this action against Defendants (ECF 1).  On December 11, 2022, Defendant Midlo Floors was served with a copy of Plaintiff's Complaint and Summons. (ECF 6). After numerous failed attempts, on February 28, 2023, Defendant CityLocal101 was served through Virginia's Secretary of State with a copy of Plaintiff's Complaint and Summons. (ECF 10-1). Defendants have not answered in response to Gomez's Complaint, nor have Defendants taken any action that otherwise indicates Defendants' legitimate intent to defend the suit.  On April 25, 2023, the Clerk entered default against Defendants. (ECF 14).

**III.  LEGAL STANDARD FOR DEFAULT JUDGMENT**

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a Default Judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55.[2] Judgment by default is a final disposition of the case that has the same effect as a

---

[2] Fed. R. Civ. P. 55 (b)(2): In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian,

3

judgment rendered after a trial on the merits. *J & J Sports Prods. v. After Six Prods.*, No. 3:13-CV-591, 2014 U.S. Dist. LEXIS 21435 at *4 (E.D. Va. Feb. 19, 2014) (citing *United States v. $23,000 in United States Currency*, 356 F.3d 157, 163 (1st Cir. 2004)). Default judgment is appropriate when the adversary process has been halted because of an unresponsive party. *United States CFTC v. Smith*, No. 1:10CV00009, 2012 U.S. Dist. LEXIS 119125 at *18 (W.D. Va. Apr. 16, 2012) "Upon default, the well-pled allegations in the complaint are to be taken as true for purposes of establishing liability." *Id.*

"A defendant in default concedes the factual allegations of the complaint." *United States v. Whiting*, Civil Action No. 1:22-cv-571 LMB/IDD, 2023 U.S. Dist. LEXIS 37330 at *5 (E.D. Va. Jan. 13, 2023) *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

Generally, default judgment is warranted when a defendant fails to plead or otherwise defend itself. *J & J Sports Prods.*, No. 3:13-CV-591, 2014 U.S. Dist. LEXIS 21435 at *5. The party requesting a default judgment must show: "(1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2)." *Id.* at

---

conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

4

*5-6. (citing *JTH Tax, Inc. v. Smith*, No. 2:06cv76, 2006 U.S. Dist. LEXIS 42584 at *1 (E.D. Va. June 23, 2006)).

After an entry of default, the court may enter default judgment in its discretion. *J & J Sports Prods.*, No. 3:13-CV-591, 2014 U.S. Dist. LEXIS 21435 at *5. The court may award relief without a hearing when it is supported by the pleadings. *Id.* at *6. Here, all five *Smith* factors have been satisfied. An entry of default pursuant to Rule 55(a) was entered against Defendants on April 25, 2023. (ECF 14). Gomez properly identified the pleading to which default was entered. (ECFs 12-13). Defendants are not infants, incompetent, incapacitated, or members of the military. (ECF 12-1 at ¶ 11). Gomez now seeks a final default judgment under Rule 55(b).

Under Federal Rule of Civil Procedure 55(b)(2) a court may conduct a hearing if necessary to "take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." *JTH Tax, Inc. v. Smith*, No. 2:06cv76, 2006 U.S. Dist. LEXIS 42584 at *3 (E.D. Va. June 23, 2006).

IV. **ARGUMENT**

    a. **Plaintiff Has Established Defendants' Liability for Copyright Infringement.**

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) Defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

1. ***Gomez Owns a Valid Copyright for the Work***

Gomez's Work is an original and expressive pictorial work that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5). Plaintiff may satisfy the first prong by producing the certificates of registration, then the burden shifts to the defendant to demonstrate why the claim of copyright is invalid. *See Feist Publications*, 499 U.S. 340 (noting a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate").

Gomez registered the Work on July 1, 2020, pursuant to 17 U.S.C. § 411(a), and was given a Certificate of Registration, Registration Number VA 2-210-956. (ECF 1 at ¶ 14; Ex. 1; Gomez Decl. at ¶ 5).

2. ***Defendants Copied the Work***

Copyright infringement may be proven through either direct or circumstantial evidence of copying. *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 43 F. Supp. 3d 644, 659 (E.D. Va. 2014).

Plaintiff produced a copy of the Work and a copyright registration covering the Work. (Gomez Decl. ¶¶ 4-5; Ex. 1). Plaintiff has produced documents showing Defendants' unauthorized copying of the Work (ECF 1 ¶ 18; Ex. 2). The produced documents show that Defendants copied, displayed, distributed, and made derivatives of Gomez's Work. (ECF 1 ¶ 28; Ex. 2) There is no factual or subjective issue of "substantial similarity" here because the Work in question is a whole photograph and the copies made by Defendants were exact copies and the entire image was taken. (*Id*.). Thus, Defendants undisputedly copied, displayed, distributed, and made derivatives of Gomez's copyrighted Work and a Final Default Judgment should be entered against Defendants.

6

### b. **Plaintiff Has Established that Defendants' Infringement Was Willful.**

Willful infringement occurs when a defendant has knowledge, either actual or constructive, that its actions constitute an infringement, or recklessly disregards a copyright holder's rights. *Banilla Games, Inc. v. Hines*, No. 2:22cv212, 2022 U.S. Dist. LEXIS 211019 at *10-11 (E.D. Va. Oct. 31, 2022). Moreover, "courts have implied willfulness upon a finding of default. *Techs., S.A. v. Cyrano, Inc.*, 460 F. Supp. 2d 197, 204 (D. Mass. 2006); *see also Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (listing four cases finding willfulness in a default). "A court may infer that a defendant's infringement is willful from the defendant's failure to defend. See *Tiffany*, 282 F. Supp. 2d at 124 ("By virtue of the default, the [defaulting party's] infringement is deemed willful."). In addition to this inference, it appears that the infringement was willful. Defendants appear to have consciously decided to solicit and use Plaintiff's design without his permission for profit." *Wilson v. Nat'l Bikers Roundup Inc.*, 2017 U.S. Dist. LEXIS 94719, *10. Additionally, Plaintiff notified Defendants in writing of Gomez's copyright of the Work and demanded that it cease the infringing use of the Work. (ECF 1 at ¶ 24; Gomez Decl. ¶¶ 13-14).

Given Plaintiff's repeated requests and Defendants' copying, distribution, and public display of the copyrighted Work without obtaining, or even seeking, permission from Plaintiff as copyright owner, demonstrates that Defendants had actual knowledge, or at least acted with reckless disregard, of the fact that their conduct infringed upon Plaintiffs exclusive copyrights in the copyrighted Work.

Accordingly, Defendants' default and the well-pled facts of the Complaint, which are admitted by Defendants' default, establish that Defendants' infringement of Plaintiff's Work was willful and deliberate.

### c. **Detailed Affidavits Establish the Amount of Damages and Other Relief Requested.**

In addition to the entry of default judgment against Defendants, Plaintiff requests the following relief and any other relief as the court deem just and proper.

1. *Actual Damages Are Appropriate but Insufficient for Willful Copyright Infringement*

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." The Fourth Circuit has stated that "the experience of copyright damages has been one of case-by-case assessment of the factors involved, rather than application of hard and fast rules." *Walker v. Forbes, Inc.*, 28 F.3d 409, 412 (4th Cir. 1994). The statute does not define "actual damages," however, generally the term is "broadly construed to favor victims of infringement." *Dash v. Mayweather*, 731 F.3d 303, 312 (4th Cir. 2013) (citing *Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001)).

Once a copyright has been infringed, the law permits recovery of the fair market value of the licensing fee that would have been charged for the infringed item. *Hofmann v. O'Brien*, 367 F. App'x 439, 442 (4th Cir. 2010).

Courts also allow recovery of actual damages based on a calculation of lost sales by the copyright owner. *Id. See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) ("'Actual damages are usually determined by the loss in the fair market value of the use of the copyrighted work to the infringer'." (quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003))).

The typical range of fees Gomez receives for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet of one of its copyrighted photographs similar in quality and popularity to the Work is approximately $5,500 per year. (Howarth Decl. ¶ 16).

Defendants defaulted by never appearing and did not engage in discovery to confirm the duration the Work was on their sites. Had Defendants requested Gomez to create and license the Work to reproduce and display the copyrighted Work on its listings, Gomez would have charged at least $5,500 for use of the Work. (*Id*.)

Furthermore, the Work has lost significant value to Plaintiff's loss of control of the licensing and usage of the photograph and the continued dissemination resulting from Defendants' infringement. (Howarth Decl. ¶¶ 17-18). Accordingly, Howarth believes his damages to be $27,500.00 after considering a multiplier of five (5) to the licensing fees of $5,500 (Howarth Decl. ¶ 19). *See Bruce v. Weekly World News*, 310 F.3d 25, 29 (1st Cir. 2002) (The 1st Circuit vacated the district court's judgment and remanded with directions to enter judgment for a five times multiplier of the license fee). *See also Leonard v. Stemtech Int'l, Inc*., 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times the benchmark because of the scarcity factor).

Because Defendants refused to participate in discovery or otherwise defend this matter, Plaintiff is without information to identify exactly how long and the extent of Defendants' use its Work for its own commercial purposes. Plaintiff's actual damages may be a multiple of his annual license fee and Defendants' known profits, but Defendants, through their inaction, suppressed the information necessary to identify the correct figure.

Similarly, Defendants' refusal to cooperate in discovery has prevented Plaintiff from identifying the amount of profits related to its infringing uses of Plaintiff's Work that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Defendants' profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or

9

her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". 17 U.S.C. § 504(b). Defendants solely control all information concerning Defendants' gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Defendants' refusal to appear and participate in discovery, and Plaintiff seeks an award of statutory damages for Defendants' willful infringement of Plaintiff's copyrighted Work.

### 2. *Statutory Damages Are Appropriate for Willful Copyright Infringement*

Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendants' infringement of Plaintiff's exclusive rights in the copyrighted Work and enhancement of its statutory award based upon the willfulness of such infringement. Specifically, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully. "Statutory damages are fitting in default judgment cases due to infringer nondisclosure." *Wilson v. Nat'l Bikers Roundup Inc.*, No. 3:15-4862-MGL-SVH, 2017 U.S. Dist. LEXIS 94719 at *9 (D.S.C. May 12, 2017). *See Sara Lee Corp. v. Bags of N. Y., Inc.*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999) (stating statutory damages are most appropriate when infringer nondisclosure during fact finding leaves damages uncertain).

The amount of statutory damages awarded does not depend on actual damages. *Wilson*, No. 3:15-4862-MGL-SVH, 2017 U.S. Dist. LEXIS 94719 at *9. Courts have held that even where there are no actual damages, or even only nominal damages, a plaintiff may still recover enhanced statutory damages due to the difficulty in proving actual damages and the policy favoring deterrence of infringement. *Id.*

The willfulness of Defendants may be inferred from their failure to appear and defend this action. *See Wilson*, No. 3:15-4862-MGL-SVH, 2017 U.S. Dist. LEXIS 94719 at *10; *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) ("By virtue of the default, the [defaulting party's] infringement is deemed willful."). "In cases of willful infringement, courts have emphasized not only the defendant's culpability for the infringing conduct and deterrence thereof, but also the defendant's patterns of behavior and general attitude as applied to the case: (1) the defendant's history of copyright infringement; (2) deterrence against future violations of copyright infringement; (3) the defendant's purpose and intent; and (4) the attitude and conduct of the parties." *Sony Music Entm't v. Cox Communs.*, 464 F. Supp. 3d 795, 843 (E.D. Va. 2020).

When an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of three to five times actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendants. *See Bruce v. Weekly World News*, 310 F.3d 25, 29 (1st Cir. 2002) (The 1st Circuit vacated the district court's judgment and remanded with directions to enter judgment for a five times multiplier of the license fee). *See also Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000").

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. *See* 17 U.S.C. § 504(c)(1). However, as discussed above, Defendants' conduct – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful. In a case where the court finds that the infringement

11

was committed willfully, the court in its discretion may increase the award to a sum of not more than $150,000. 17 U.S.C. § 504(c)(2). Considering the willful copyright infringement given the circumstances of the instant case, Plaintiff submits that an appropriate award of statutory damages of at least $27,500.00 under 17 U.S.C. § 504(c)(2) is appropriate to accomplish full compensation to the Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages and to deter future violations of copyright law. The award of $27,500.00 is appropriate, as the result of a multiplier of five times the licensing fee of $5,500.

### 3. *Full Costs And Reasonable Attorney's Fees Are Appropriate*

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendants' infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

Additionally, 17 U.S.C. § 1203(b)(5) provides "the court … in its discretion may award reasonable attorney's fees to the prevailing party…," providing a second statute for an award of Plaintiff's full costs and attorney's fees.

Accordingly, Plaintiff requests the Court to award costs and attorney's fees in the amount of $13,837.50, representing costs in the amount of $855.00 ($453 from SRIPLAW and $402 from Schleifman) and fees in the amount of $12,982.50 ($12,422.50 from SRIPLAW and $560.00 from Schleifman). (Lekht Decl. ¶ 10-14; Ex. 4-5). The amount and reasonableness of

the costs and fees are established by the Declaration of Eliezer Lekht, submitted concurrently herewith. (Lekht Decl. ¶¶ 3-19).

### 4. *Entry of A Permanent Injunction Is Appropriate*

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. *Arista Records, Inc. v. Beker Enters., 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003)* (entering permanent injunction against defendant with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future). *See also Wilson*, No. 3:15-4862-MGL-SVH, 2017 U.S. Dist. LEXIS 94719 at *11 ("When a claim of copyright infringement has been proven, a permanent injunction prohibiting further infringements is appropriate and routinely entered.")(citing *M.L.E. Music v. Kimble, Inc.*, 109 F.Supp.2d 469, 472-73 (S.D.W.Va 2000)).

As established by the well-pled facts of the Complaint (ECF 1), and admitted by Defendants' default, this Court has proper jurisdiction over this action. (ECF 1, at ¶¶ 7-10). Defendants' conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. (ECF 1 ¶¶ 24 and 33). For example, the ability of Defendants to use Plaintiff's Work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's work if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises

13

taking and using Plaintiff's photographs for their own commercial purposes without paying any fee at all. (Gomez Decl. at ¶ 15-18).

Accordingly, Plaintiff requests the Court to enter a permanent injunction against Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, prohibiting them from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photographs or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to enter final default judgment against Defendants and award Plaintiff at least $41,337.50 in total damages, cost and fees, representing: statutory damages of $27,500 for Defendants' copyright infringement pursuant to 17 USC § 504; and full costs and attorney's fees totaling $13,837.50; permanently enjoin Defendants from infringing activities; and for any other relief the Court deem just and proper. A proposed order is filed herewith.

Dated: June 30, 2023                    Respectfully submitted,

                                        */s/Paul S. Schleifman*
                                        PAUL S. SCHLEIFMAN
                                        VA Bar No. 23353

                                        SCHLEIFMAN LAW, PLC
                                        2300 Wilson Boulevard
                                        Suite 700
                                        Arlington, VA 22201
                                        Telephone: (703) 528-1021

Email: pschleifman@schleifmanlaw.com

*Counsel for Plaintiff Garey Gomez*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 30, 2023, a true and correct copy of the foregoing document was served by US Mail to all parties listed below on the Service List.

*/s/Paul S. Schleifman*
PAUL S. SCHLEIFMAN

## SERVICE LIST

Midlo Floors LLC dba Midlo Floors & Beyond
9940 Midlothian Turnpike
Richmond, VA 23234

CityLocal101, LLC
9325 Brandon Street
Manassas Park, VA 20111